******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

MULLINS, J., concurring in the judgment. I agree with and join part II of the majority opinion. I also agree with the majority's conclusion in part I of its opinion that the defendant's unpreserved claim that the trial court violated the defendant's due process rights by admitting coerced and involuntary testimony in the state's favor fails under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015). I write separately, however, because I respectfully disagree with the majority's analysis in part I of its opinion insofar as the majority concludes that the defendant's claim fails under the third prong of *Golding*. Instead, I would conclude that the defendant's claim fails under the first prong of *Golding* because the record is inadequate for review. Accordingly, I concur in the judgment.